ORIGINAL

Hal Lee West #20840
S.I.C.I. ED-2-36
P.O. Box 8509
Boise, Idaho 83707

Plaintiff Pro Se

U.S. COURTS

MAR 19 2008

Rcvd_____Filed_____Time_____
CAMERON S. BURKE
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HAL LEE WEST, | ) |
| Plaintiff, | ) Case No. CV06-51-S-LMB |
| vs. | ) MOTION TO DISQUALIFY JUDGE |
| | ) LARRY M. BOYLE FOR BIAS AND |
| KENNETH BENNETT, DEPUTY | ) PREJUDICIAL ACTIONS |
| WARDEN GEORGE MILLER, DR. | ) |
| DAWSON, ANDY MITCHEN, and P.A. | ) |
| HENGST, | ) |
| Defendants. | ) |

COME NOW Plaintiff HAL LEE WEST, and moves this court for its' Order of Disqualification for what Plaintiff believes to be actions of arbitrary and capricious nature by the Honorable Larry M. Boyle that show bias and prejudice towards the Plaintiff and his case.

This Motion to Disqualify is supported and based on the following substantial facts of record that warrant the immediate disqualification of the Honorable Larry M. Boyle from proceeding any further on this case in the interest of justice.

Defendants filed a Motion For Reconsideration under Federal Rule of Civil Procedure 59(e) and **60(b)(2)** for relief of the March 26, 2007 Order of the Court granting counsel to represent

MOTION TO DISQUALIFY JUDGE LARRY M, BOYLE FOR BIAS AND
PREJUDICIAL ACTIONS Page 1

the Plaintiff on limited bases.

Plaintiff did respond to the Defendants' Motion For Reconsideration in which he did make it clear to the court that no relief could be granted to the Defendants under Rule 59(e) or 60(b)(2) due to the following facts:

1.  Defendants could not be granted relief under 59(e) due to the fact that such Motion was filed way beyond the ten (10) day time limit to do such in which no extensions may be granted.

2.  Defendants could not be granted relief under Rule 60(b)(2) for the following facts:

Federal Rule of Civil Procedure 60(b)(2) reads in verbatim as follows;

**CORE CONCEPT**

In its discretion, the district court may grant a motion for relief from a **final judgment, order, or proceeding** for various enumerated reasons.

The Honorable Larry M. Boyle granted relief to the Defendants under 60(b)(2) "newly discovered evidence".

Now lets take a close look at the reading of Rule 60(b)(2) as it is wrote and not how it is interpreted by the Honorable Larry M. Boyle.

**REASON 2---NEWLY DISCOVERED EVIDENCE**

Relief from an order or judgment may also be granted on the bases of new evidence where: (1) the evidence has been newly discovered **since trial**, (2) the moving party was diligent in discovering the new evidence, (3) the new evidence is not merely

cumulative or impeaching, (4) the new evidence is material, and (5) in view of the new evidence, **a new trial would probably produce a different result**. See Moron-Barradas v. Dep't of Educ. of Puerto Rico, 488 D.3d 472,482 (1st Cir. 2007);Zurich North America v. Matrix Serv., Inc., 426 F.3d 1281,1290 (10th Cir. 2005); Hesling v. CSX transp., Inc., 396 F.3d 632,639 (5th Cir. 2005). **Implicit in these elements is the recognition that the evidence must be evidence of facts that were in existence at the time of trial (though not discovered until after trial)**. See General Universal Sys.m Inc. v. Lee, 379 F.3d 131 (5th Cir.2004); Betterbox Commcn's Ltd. v. BB Tech., Inc., 300 F.3d 325 (3d Cir. 2002). Moreover **(and implicitly)**, the newly discovered evidence **must be** both admissible and **credible**. See Goldstein v. MCI World Com, 340 F.3d 238, 257 (5th Cir.2003). **These requirements are strictly enforced.** See Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300,1309 (11th Cir.2003). If the movant fails to meet **any** of these prerequisites, the Rule 60(b)(2) motion may be denied. See Jones v. Lincoln Elec. Co., 188 F.3d 709 (7th Cir. 1999)(**commenting that if any of these prerequisites is not satisfied, Rule 60(b)(2) motion must fail**); McCormack v. Citibank, N.A., 100 F.3d 532,542 (8th Cir.1996)(commenting that even if movant could meet many prerequisites, **he would fail to meet at least one**). Relief under this category is considered an "**extraordinary remedy**" to be granted **only** in exceptional circumstances. See Jones v. Lincoln Elec. Co., 188 F.3d 709 (7th Cir.1999).

MOTION TO DISQUALIFY JUDGE LARRY M. BOYLE FOR BIAS AND PREJUDICIAL ACTIONS Page 3

> Note: <u>The same principles apply whether relief is sought for reason under Rule 59 or Rule 60(b)</u>. See Jones v. Aero/Chem Corp., 921 F.2d 875 (9th Cir.1990).

Given the aforementioned facts now lets look at a few other things:

FACT 1: <u>THERE HAS BEEN NO TRIAL AS CLEARLY REQUIRED BY THE AFOREMENTIONED RULE</u>.

FACT 2: <u>DEFENDANTS HAVE NOT AND DID NOT MEET ANY OF THE PREREQUISITES TO RULE 60(b)(2)</u>.

FACT 3: <u>THE COURT'S ORDER IS AN INTERLOCUTORY ORDER **NOT** AN FINAL JUDGMENT, ORDER, OR PROCEEDING AS REQUIRED BY RULE 60 (b)(2)</u>.

FACT 4: <u>THERE IS A QUESTION TO THE CREDIBILITY OF DEFENDANT APRIL DAWSON'S TESTIMONY THAT THE COURT STATES AS ITS REASONING FOR GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION</u>.

FACT 5: <u>SAID EVIDENCE WAS AVAILABLE TO THE DEFENDANTS AT THE TIME THE COURT ENTERED THE ORDER FOR APPOINTMENT OF COUNSEL</u>.

FACT 6; <u>NO EXCEPTIONAL CIRCUMSTANCES HAVE BEEN SHOWN BY THE DEFENDANT'S THAT WOULD CONSTITUTE THE GRANTING OF A RULE 60 (b)(2) MOTION</u>.

Now given all these facts that <u>precludes</u> the court from granting <u>ANY</u> form of legal relief to the Defendants under Rule 60(b)(2) or 59(e) <u>the court's granting of such is and must be a</u>

<u>arbitrary and capricious action</u> against the Plaintiff that only works to bias and prejudice this case into the Defendants favor by illegal actions and rulings of the court.

Given the full and complete record of actions by Judge Larry M. Boyle only goes to show his bias towards the Plaintiff that has already prejudiced this case in the Defendants favor and against the laws of the land.

WHEREFORE based on the aforementioned facts of record the Plaintiff respectfully request that the Honorable Larry M. Boyle disqualify himself from the proceedings of this case and assign such back to a District Judge for his actions and corrections of this case <u>along with the assignment of said case to the District Court and Judge for all further proceedings Under Rule 73(b)(3)</u>.

Respectfully submitted this 17th day of March, 2008.

*Hal Lee West*
HAL LEE WEST Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY That on this 17th day of March, 2008, I mailed true and correct copies of the foregoing MOTION TO DISQUALIFY JUDGE LARRY M. BOYLE FOR BIAS AND PREJUDICIAL ACTIONS to Defndant's attorneys of record via the Prison U.S. mail system to;

**ANDREW C. BRASSEY (ISB No.2128)**
BRASSEY, WETHERELL, CRAWFORD & GARRETT
203 W. Main Street
P.O. Box 1009
Boise, Idaho 83701-1009

**JOHN J. BURKE, ISB No.4619**
HALL, FARLEY, OBERRECHT, & BLANTON, P.A.
702 W. Idaho, Suite 700
P.O. Box 1271
Boise, Idaho 83701

*Hal Lee West*
HAL LEE WEST Plaintiff Pro Se

MOTION TO DISQUALIFY JUDGE LARRY M. BOYLE FOR BIAS AND
PREJUDICIAL ACTIONS Page 6 end.