IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |  |
|---|---|---|
| HALL LEE WEST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV06-51-S-LMB |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KENNETH BENNETT, DR. DAWSON, ANDY MITCHEN, and P.A. HENGST, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before this District Court Judge by referral from Magistrate Judge Larry M. Boyle is Plaintiff's Motion to Vacate Referral to Magistrate Judge (Docket No. 62). For the foregoing reasons, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff, at all relevant times to this action, was an inmate in the custody of the Idaho Department of Correction (IDOC).  He filed this civil rights action alleging deliberate indifference to his medical condition in violation of 28 U.S.C. § 1983 and the Eight Amendment prohibition against cruel and unusual punishment.

All parties filed a written consent to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  (Docket Nos. 7, 19, 20).

**ORDER  1**

The action proceeded accordingly before Magistrate Judge Larry M. Boyle.  Judge Boyle conducted the litigation from February 2006 through March 2008 without objection by Plaintiff.  During the course of the proceedings, Judge Boyle issued several pre-trial rulings.  Notably, after review of certain medical records, Judge Boyle granted Plaintiff's request to appoint counsel to assist Plaintiff with the litigation because of his medical condition.  (Docket No. 48).

Defendants' filed a Motion to Reconsider this Order.  Based on the additional medical records and the affidavits from Plaintiff's medical providers filed in support of the motion, and Plaintiff's response, the Court determined that Plaintiff was capable of proceeding with his civil rights action without counsel, and vacated its prior order granting his request for counsel.  *Order*, (Docket No. 60, p. 6).

Plaintiff then filed the pending Motion to Vacate Referral to a Magistrate Judge under Rule 73(b)(3) (Docket No. 62) (as well as a Motion to Disqualify Judge Larry M. Boyle for Bias and Prejudicial Actions (Docket No. 61) which is not pending before this judge.)  Plaintiff alleged in his Motion to Vacate Referral that Judge Boyle's decisions against Plaintiff were arbitrary and capricious in nature, and showed his bias and prejudice against Plaintiff.

## ANALYSIS

"Once a civil case is referred to a magistrate judge under 28 U.S.C. § 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'" *Dixon v. Ylst*, 990 F.2d 478,

**ORDER  2**

480 (9th Cir. 1992)(quoting 28 U.S.C. § 636(c)); *see also Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995)(holding that successors to the originally-named defendants are not entitled to withdraw the original consents to the magistrate judge).

This Court is aware that it is reviewing this Motion after Magistrate Judge Boyle already denied it, but then vacated that ruling upon reconsideration and referred the issue to this District Court Judge. This Judge has independently reviewed the record including the Plaintiff's Motion to Vacate and the rulings that form the basis for the Plaintiff's motion to vacate. This Court finds that the record does not support a finding of "extraordinary circumstances" that would warrant vacating the referral to Magistrate Judge Boyle.

The substance of Plaintiff's claim of "extraordinary circumstances" is that Judge Boyle granted Defendants' request for reconsideration in violation of Rule 60(b)(2) and refuses to allow Plaintiff an independent medical expert to review his medical condition. Plaintiff's first allegation is a disagreement with the Court's ruling on a motion. Plaintiff makes no factual allegation of any extraordinary circumstance. Instead, Plaintiff argues that the Court should infer that Judge Boyle is biased against Plaintiff based simply on Judge Boyle's ruling. A disagreement with the Court's ruling is not an extraordinary circumstance that would warrant vacating a referral. It is in fact, par for the course in litigation, and a matter for appeal.

Plaintiff's second claim related to his request for a medical expert is also not an

**ORDER  3**

"extraordinary circumstance" that would warrant vacating the referral. At the time that Plaintiff filed his Motion to Vacate Referral, he had a Motion for Court Appointed Medical Expert (Docket No. 57) pending also. Judge Boyle had not yet ruled on his request for an independent medical expert such that Plaintiff could claim that Judge Boyle had denied his request. Although Plaintiff's request for a medical expert was ultimately considered and denied, there is nothing in the record that suggest extraordinary circumstances attendant to the denial. The Motion for Court Appointed Independent Medical Expert was filed on October 26, 2007 and ripe for review after Plaintiff's deadline to file his Reply expired on December 7, 2009. (*See* Docket No. 58). The Court ruled on the motion with eight other motions on September 8, 2009 (Docket No. 84). The Court's ruling appears to be in due course of the proceedings, and the Plaintiff's disagreement with the result is again a matter of appeal.

In addition, the remainder of the record shows that Judge Boyle made several rulings in Plaintiff's favor to accommodate Plaintiff's medical conditions, including extending the scheduling deadlines and granting him additional time to file responses to the pending dispositive motions. Accordingly, the Court denies Plaintiff's request to vacate the referral to a Magistrate Judge.

## ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Vacate Referral to Magistrate Judge (Docket No. 62) is DENIED; the case shall remain before Magistrate

**ORDER  4**

Judge Larry Boyle pursuant to the parties' written consents, 28 U.S.C. § 636 and Fed. R. Civ. P. 72.



DATED:  **March 26, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER  5**